UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD JASON ALLEN                                                        PLAINTIFF

VERSUS                             CIVIL ACTION NO. 1:18CV345-LG-RHW

CENTURION OF MISSISSIPPI,
LLC et al                                                        DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

      Plaintiff Ronald Jason Allen, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional medical care at the Jackson County Adult Detention Center (JCADC). Plaintiff has named as Defendants Centurion of Mississippi, LLC, whom he alleges to be the medical services provider at JCADC, as well as Dr. Harold Coulter and Nurses Alexis Brown and Joneka Mingo. Defendant Centurion has filed a motion for summary judgment denying liability and asserting that it is not the medical provider for JCADC. Doc. [29]. Plaintiff has not filed a response in opposition to the motion for summary judgment. This matter is currently set for a screening hearing on March 1, 2019.

**Law and Analysis**

      Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations

of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

In their answers, Defendants Coulter, Brown, and Mingo all state that they are employed by Correctional Medical Associates, Inc, rather than Centurion. Doc. [17] at 5; Doc. [18] at 5; Doc. [19] at 5. In support of its motion for summary judgment, Centurion submitted a declaration from April Meggs, Vice President of Operations for Centurion of Mississippi, LLC. Doc. [29-1]. Meggs explains that Centurion has a contract with the Mississippi Department of Corrections (MDOC) to provide medical care to inmates at various prison facilities in Mississippi. She further explains that Centurion does not have a contract with MDOC to provide medical care services at JCADC. She denies that Centurion provides medical services or employs or contracts with any person providing medical services at JCADC for the relevant time frame. Based on the foregoing, Defendant Centurion has demonstrated the absence of any

genuine issue of fact regarding liability of Centurion as it relates to the adequacy of Plaintiff's medical care at JCADC.  Plaintiff has not filed a response to summary judgment nor presented any evidence disputing whether Centurion provided medical care services at JCADC for the relevant time frame.  Because an essential element for liability against Centurion is absent, the undersigned finds that Centurion should be dismissed as a party from this action.

## RECOMMENDATION

The undersigned recommends that Defendant Centurion of Mississippi, LLC's [29] Motion for Summary Judgment be GRANTED and that Plaintiff's claims against Centurion be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of February 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE