UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD JASON ALLEN                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:18CV345-RHW

CENTURION OF MISSISSIPPI,
LLC et al                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Jason Allen, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care at the Jackson County Adult Detention Center (JCADC). He alleges medical personnel failed to provide him with blood pressure medication on approximately 12 occasions. Plaintiff named as Defendants Centurion of Mississippi, LLC, whom he alleged to be the medical services provider at JCADC, as well as Dr. Harold Coulter and Nurses Alexis Brown and Joneka Mingo. In a previous order, the Court dismissed Defendant Centurion. Doc. [36] [39]. The Court conducted a screening hearing on March 13, 2019. Doc. [49-3]. Now before the Court is a motion for summary judgment filed by Defendants Coulter, Brown, and Mingo. Doc. [49]. Plaintiff has not filed a response in opposition to the motion for summary judgment.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other

contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Inadequate Medical Care**

In his complaint, Plaintiff's only claim is for alleged denial of medical care at JCADC. Specifically, he alleges he did not receive blood pressure medication on about a dozen occasions. As a result, he alleges he suffered headaches, vomiting, insomnia, dizziness, and diarrhea; however, he admits that no doctor or nurse has ever told him these symptoms were caused by not taking blood pressure medication. Doc. [49-3] at 7.

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs,

such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195. However, "the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Disagreements about whether an inmate should be referred to a specialist as part of ongoing treatment do not constitute deliberate indifference. *See Alfred v. Texas Dep't of Criminal Justice*, No. 03-40313, 2003 WL 22682118, at *1 (5th Cir. Nov.13, 2003); *Hickman v. Moya*, No. 98-50841, 1999 WL 346987, at *1 (5th Cir. May 21, 1999).

**Nurse Brown**

Plaintiff asserts Nurse Brown was deliberately indifferent to his serious medical needs because she failed to administer his blood pressure medication on two occasions. Doc. [49-3] at 11, 19. According to Plaintiff, on September 16, 2018, she failed to show up at his unit to

3

administer nighttime medications. *Id.* at 19. When Plaintiff notified a guard about the missed medication, the guard took him to the medical unit to have his blood pressure checked and to receive blood pressure medication. *Id.* at 28-29. On September 30, 2018, Nurse Brown also failed to bring any of the inmates' medication. *Id.* at 29-30. At the screening hearing, Plaintiff testified he did not believe Nurse Brown's failure to bring his medication was intentional or directed at him. *Id.* at 30-31.

Plaintiff fails to state a claim against Nurse Brown for deliberate indifference. He admits Nurse Brown's omission was not intentional. On the first occasion, Plaintiff merely experienced a temporary delay in receiving his medication. A guard took him to the medical unit that same evening for medication. On the second occasion, Plaintiff alleges at most negligence on the part of Nurse Brown for failing to bring medication, which fails to state a claim of constitutional magnitude. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Nor does he allege that the single missed dosage caused him substantial harm. *See Early v. Dallas County Jail's Med. Doctors*, No. 98-10450, 1998 WL 857872, at *1 (5th Cir. Nov. 17, 1998).

**<u>Nurse Mingo</u>**

Plaintiff contends Nurse Mingo refused to provide him with his blood pressure medication and low-dosage aspirin on 10 occasions between September 28 and October 12, 2018. Doc. [49-3] at 20. Plaintiff wanted to take his medication in the evening rather than in the morning. Plaintiff contends Dr. Coulter previously prescribed the medication to be taken in the evening. *Id.* at 24-25. Plaintiff admits that Nurse Mingo told him she could not provide him medication during the nighttime because he was scheduled to receive it in the morning. *Id.* at 34-35. Plaintiff's jail medical records corroborate this account. According to the medical record, Plaintiff requested that his medications be given in the evening, but Nurse Mingo

4

explained they were due to be administered in the morning, and he should see the morning nurse for his medications. Doc. [53-3] at 18.

Although there is a fact dispute regarding whether Plaintiff's medication was prescribed for the morning or evening, Nurse Mingo's actions do not constitute deliberate indifference. It is undisputed that Dr. Coulter prescribed blood pressure medication be provided to Plaintiff "daily". The medical records do not reflect whether the medication was prescribed for morning or evening. Nevertheless, Plaintiff's claim against Nurse Mingo is nothing more than a disagreement regarding the type of medical treatment he was receiving, i.e. the timing of his medication. An inmate's demand to be given medication at specific times fails to state a claim for deliberate indifference. *See Carter v. Lowndes County*, 89 Fed. App'x 439, 441-42 (5th Cir. 2004). Plaintiff received medication on all but a few occasions. He had the opportunity to receive the missed dosages in the morning, but he preferred to take them in the evening. On some occasions, Plaintiff simply failed to show up for morning medication rounds because he was asleep, thus his own actions caused him to miss several dosages. *See Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).

**Dr. Harold Coulter**

Plaintiff asserts Dr. Coulter violated his constitutional right to adequate medical care because he failed to properly supervise the nurses who administered Plaintiff's medication. Two days after Plaintiff arrived at JCADC, Dr. Coulter reviewed Plaintiff's records and diagnosed him with chronic hypertension and acid reflux. Doc. [53-3] at 5. Dr. Coulter ordered blood pressure medication and low-dosage aspirin be provided to Plaintiff daily. *Id.* He also ordered twice daily administration of acid reflux medication. *Id.* Dr. Coulter's assessment and prescriptions demonstrate he was not deliberately indifferent to Plaintiff's medical conditions.

5

To the extent Plaintiff sues Dr. Coulter in his supervisory capacity, he fails to state a constitutional claim. "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff does not allege that Dr. Coulter was personally involved in the alleged constitutional deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [49] Motion for Summary Judgment is GRANTED, and that Plaintiff Ronald Jason Allen's 42 U.S.C. § 1983 civil rights complaint is hereby dismissed with prejudice as to all claims and all Defendants.

SO ORDERED AND ADJUDGED, this the 4th day of March 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE